

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WINDWARD BORA, LLC,

Plaintiff,

-against-

SONIA THOMPSON, NYM FEDERAL CREDIT
UNION, THE CITY OF NEW YORK
DEPARTMENT OF HOUSING
PRESERVATION & DEVELOPMENT, NANCY
T. SUNSHINE, NEW YORK CITY PARKING
VIOLATIONS BUREAU, and NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD

Defendants.

**ORDER**
**18-CV-1811 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Windward Bora, LLC commenced this residential mort-
gage foreclosure action on March 26, 2018. (Compl. (Dkt. 1).)
No defendant has answered or appeared in this action, and Plain-
tiff moved for default judgment of foreclosure and sale on June
18, 2018. (Mot. for Default J. (Dkt. 18).) The undersigned re-
ferred Plaintiff's motion to Magistrate Judge Robert M. Levy for
a report and recommendation ("R&R"). (June 18, 2018 Order
Referring Mot.) On February 26, 2020, Judge Levy issued the an-
nexed R&R recommending that the court (1) enter judgment of
foreclosure and sale and (2) grant Plaintiff's motion for default
judgment as to certain defendants but dismiss Plaintiff's claim
against Defendant Sonia Thompson.

No party has objected to Judge Levy's R&R, and the time in which
to do so has passed. *See* Fed. R. of Civ. P. 72(b)(2). Therefore,
the court reviews the R&R for clear error. *See Gesualdi v. Mack
Excavation & Trailer Serv., Inc.*, No. 09-CV-2502 (KAM) (JO),
2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); *La Torres v.*

1

*Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Having found none, the court ADOPTS the R&R in full.

SO ORDERED.

Dated:  Brooklyn, New York
        March 13, 2020

                                        s/Nicholas G. Garaufis

                                        _____
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge

# REPORT AND RECOMMENDATION

LEVY, United States Magistrate Judge:

By order dated June 18, 2018, the Honorable Nicholas G. Garaufis, United States District Judge, referred plaintiff's motion for default judgment of foreclosure and sale to me for report and recommendation. For the reasons stated below, I respectfully recommend that a judgment of foreclosure and sale be entered as to the Subject Property; that the claims against Sonia Thompson be dismissed; that default judgment be granted as to the New York City Department of Housing Preservation & Development and the New York City Environmental Control Board; and that default judgment be denied as to the New York City Parking Violations Bureau, Nancy T. Sunshine, in her official capacity as Kings County Commissioner of Jurors, and NYM Federal Credit Union.

## BACKGROUND AND FACTS

Plaintiff Windward Bora, LLC ("plaintiff") commenced this residential mortgage foreclosure action on March 26, 2018, pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301, et seq. (See Complaint, dated Mar. 26, 2018 ("Compl."), Dkt. No. 1.) Plaintiff, a limited liability company whose sole member is a citizen of Morocco, has properly pleaded diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Id. ¶¶ 3-9, 11.) Defendant Sonia Thompson ("Thompson") is the obligor on the mortgage that plaintiff seeks to foreclose. (Id. ¶ 4.) Plaintiff additionally names five non-mortgagor defendants as judgment creditors: NYM Federal Credit Union ("NYM"); the New York City Department of Housing Preservation & Development ("HPD"); Nancy T. Sunshine, in her official capacity as Kings County Commissioner of Jurors ("Sunshine"); the New York City Parking Violations Bureau ("PVB"); and the New York City Environmental Control Board ("ECB"). (Id. ¶¶ 5-10.) To

date, no defendant has answered or appeared in this action. The Clerk of Court noted each

defendant's default on June 15, 2018. (Clerk's Entry of Default, dated June 15, 2018, Dkt. No.

17.) Plaintiff subsequently moved for default judgment of foreclosure and sale on June 18, 2018.

(Motion for Default Judgment, dated June 18, 2018, Dkt. No. 18.)  Judge Garaufis referred

plaintiff's motion to me. (Order Referring Motion, dated June 18, 2018.)

  According to the complaint, Thompson executed and delivered a note (the

"Note") in the principal amount of $126,000, plus 13.875 percent annual interest, to Lancaster

Mortgage Brokers, LLC ("Lancaster") on August 1, 2006. (See Compl. ¶ 14; Note, dated Aug.

1, 2006, annexed to Compl. as Ex. C.)  The Note is secured by a mortgage (the "Mortgage")

made that same day by Thompson to Mortgage Electronic Registration Systems, Inc. ("MERS"),

as nominee for Lancaster, and encumbering the property located at 16 Gunther Place, Brooklyn,

New York 11233 (the "Subject Property"). (See Compl. ¶ 13; Mortgage, dated Aug. 1, 2006,

annexed to Compl. as Ex. B.)  The Mortgage was recorded in the Office of the City Register for

the City of New York on October 5, 2006. (See Recording and Endorsement Cover Page,

annexed to Compl. as part of Ex. B.)  Over the years that followed, the Mortgage was assigned

several times. (See Compl. ¶¶ 15-17; Assignments, annexed to Compl. as Ex. D.)  Plaintiff

obtained rights to the Mortgage through an assignment executed on September 15, 2017. (See

Compl. ¶ 17; Assignment of Mortgage to Windward Bora, LLC, dated Sept. 15, 2017, annexed

to Compl. as part of Ex. D.)  Plaintiff avers that it is in physical possession, and is the current

owner, of the Note and Mortgage. (See Compl. ¶ 19.)

  Plaintiff alleges that Thompson has failed to comply with the terms of the

Mortgage by failing to make monthly installment payments from February 1, 2007 to the present.

(Id. ¶ 20.)  After reviewing the initial motion papers, I noted that plaintiff had provided

insufficient proof of the outstanding balance on the underlying loan; therefore, I ordered plaintiff to submit additional documentation. (See Order, dated Feb. 4, 2019, Dkt. No. 21.) Plaintiff subsequently submitted a fee schedule, which I found to be insufficient for the same reason that its initial submission was insufficient—it provided no information as to the amount actually paid on the underlying loan and, in turn, the amount due. (See Loan Summary, filed Feb. 11, 2019, Dkt. No. 22-2.) On February 12, 2019, I held a telephone conference at which I directed plaintiff's counsel to make a supplemental filing showing the amount actually paid on the underlying loan by February 15, 2019. (See Minute Entry, dated Feb. 12, 2019.) After requesting multiple extensions of time, plaintiff submitted documents showing Thompson's payment history on June 17, 2019, which I found to be sufficient. (See Payment History, filed June 17, 2019, Dkt. No. 26-2.)

On November 20, 2019, plaintiff informed the court that, in August 2019, Thompson had conveyed her interest in the Subject Property to a third party, Claudius Pryce ("Pryce").[1] (See Letter of Seth D. Weinberg, Esq., dated Nov. 20, 2019 ("Weinberg Ltr."), Dkt. No. 27; Property Deed, annexed as Ex. G to the Declaration of Seth D. Weinberg, Esq., dated

---

[1] Pryce need not be joined in or notified of this action. N.Y. C.P.L.R. § 6501 provides that the filing of a notice of pendency provides constructive notice of an action in which the judgment demanded may affect title to real property, and that a person whose conveyance is recorded after the filing of a notice of pendency is bound by all proceedings taken in that action to the same extent as a party. N.Y. C.P.L.R. § 6501; Novastar Mortg., Inc. v. Mendoza, 811 N.Y.S.2d 411, 412 (2d Dep't 2006); see also BERGMAN ON NEW YORK MORTGAGE FORECLOSURES § 12.04 ("Where a deed is delivered to a subsequent owner and recorded, the new owner is, of course, a necessary party to the foreclosure. . . . If the deed is not recorded, though, until after a notice of pendency is filed in a foreclosure action, then the grantee is bound by the notice of pendency and need not be a party defendant in the foreclosure.") In this case, Pryce recorded his conveyance on August 22, 2019—over a year after plaintiff filed its notice of pendency in this action. (See Recording and Endorsement Cover Page, annexed as part of Ex. G to the Declaration of Seth D. Weinberg, Esq., dated Dec. 18, 2019, Dkt. No. 29-1; Notice of Pendency, dated Apr. 4, 2018, Dkt. No. 9.)

Dec. 18, 2019, Dkt. No. 29-1.) It further informed the court that it no longer intends to seek a deficiency judgment against Thompson. (See Weinberg Ltr.) I subsequently issued an Order to Show Cause seeking supplemental information from plaintiff, which plaintiff answered on December 18, 2019. (See Order to Show Cause, dated Dec. 9, 2019 ("OTSC"), Dkt. No. 28; Response to Order to Show Cause, dated Dec. 18, 2019 ("OTSC Resp."), Dkt. No. 29.)

DISCUSSION

1.  Service of Required Notices & Process on Thompson

RPAPL § 1304 provides, in relevant part, that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against [a] borrower . . . such lender, assignee or mortgage loan servicer shall give notice to the borrower" (the "90-day notice") of the debt owed and certain other statutorily prescribed information. See RPAPL § 1304(1). It further provides that the notice shall be sent "by registered or certified mail and also by first-class mail *to the last known address of the borrower, and to the residence that is the subject of the mortgage.*" Id. § 1304(2) (emphasis added). "[P]roper service of RPAPL 1304 notice on the borrower . . . is a condition precedent to the commencement of a foreclosure action[.]" Wells Fargo Bank, N.A. v. Ullah, No. 13 CV 485, 2015 WL 3735230, at *8 (S.D.N.Y. June 15, 2015) (quoting Aurora Loan Servs., LLC v. Weisblum, 923 N.Y.S.2d 609, 616 (2d Dep't 2011)). It is plaintiff's burden to establish strict compliance with RPAPL § 1304 and failure to do so requires dismissal of the complaint. Aurora Loan Servs., 923 N.Y.S.2d at 614.

In this case, plaintiff has failed to establish that it strictly complied with RPAPL § 1304(2) by serving Thompson with the 90-day notice at both the Subject Property and her last known address. The Mortgage lists the address of the Subject Property as Thompson's address; therefore, it can be inferred that she lived there at the time she entered into the Mortgage. (See

4

Mortgage, Ex. B to Compl.) The complaint, however, alleges Thompson's address to be 137-23 232nd Street, Laurelton, New York 11413 (the "Laurelton address").[2] (Compl. ¶ 4.) Because Thompson is alleged to reside at a different address than that of the Subject Property, plaintiff was required to serve her with the 90-day notice at both addresses. See RPAPL § 1304(2); Courchevel 1850 LLC v. Stern, No. 17 CV 1794, 2018 WL 3193210, at *2 (E.D.N.Y. June 28, 2018) ("RPAPL § 1304 requires that pre-foreclosure notice be sent to the borrower of what is at origination a 'home loan,' even if the borrower subsequently moves out of the property securing the loan."), appeal denied, (2d Cir. Aug. 27, 2018).[3] Instead, it served the 90-day notice only at the Subject Property. (See 90-Day Notice & Return Receipt, Ex. E to Compl.)

In my Order to Show Cause, I asked plaintiff to address this deficiency in the service of its 90-day notice. (See OTSC.) In its response, plaintiff does not deny that RPAPL § 1304 requires service of the 90-day notice both at the encumbered property and at the borrower's last known address; nor does it deny that it sent notice only to the Subject Property. (See OTSC Resp. at 7-8.) Instead, plaintiff asserts that the court may not review its compliance with RPAPL §1304 on a motion for default judgment because non-compliance with that provision is an affirmative defense that must be raised by defendant. (See id. at 6.) In the alternative, plaintiff argues that the Mortgage provides that required notices will be mailed to the Subject Property unless Thompson notifies it of a different address and that, because Thompson

---

[2] At least one other address exists in the record for Thompson—169-01 140th Avenue, Jamaica, New York 11434. (See Payment History, Dkt. No. 26-2.)

[3] But see Windward Bora, LLC v. Castiglione, No. 18 CV 1766, 2019 WL 2435670, at *2 n.4 (E.D.N.Y. Jan. 10, 2019) ("Most courts in this District have held that, under New York State law, a mortgagee is not required to send the RPAPL § 1304 default notices in the first place when the mortgagor no longer resides in the mortgaged property, because that property is no longer a 'home loan' within the meaning of the statute.") (collecting cases).

did not do so, it "possessed no knowledge of any address for Thompson other than the [Subject] Property." (See id. at 8; Mortgage ¶ 15.)

Plaintiff's assertion that it knew of no address for Thompson other than the Subject Property is belied by its allegation that she resides at the Laurelton address.[4] (See Compl. ¶ 4.) Moreover, if true, it casts serious doubt on the validity of service of process on Thompson, which was carried out at the Laurelton address by serving an unnamed male relative of Thompson's. (See Affidavit of Service of Joseph Leggio, sworn to Feb. 21, 2018, Dkt. No. 15); see also FED. R. CIV. P. 4(e)(2)(B); N.Y. C.P.L.R. § 308(2). Plaintiff's accounts of its service of process and of its service of the 90-day notice undermine each other. If it is the case that plaintiff knew of no address for Thompson other than the Subject Property, then service of process at the Laurelton address was improper. On the other hand, if plaintiff knew Thompson resided at the Laurelton address, but served the 90-day notice only at the Subject Property, then service of the 90-day notice was improper.[5]

Ultimately, however, both issues are mooted by the fact that Thompson is no longer a necessary party to this action by virtue of her conveyance of all interest in the Subject

---

[4] Nor does the language to which plaintiff cites in the Mortgage relieve it of its obligations under RPAPL § 1304. That language states, in relevant part, "*[u]nless the law requires otherwise, any notice that must be given to me under this Mortgage* will be given by delivering it or mailing it by certified mail addressed to me at the address [of the Subject Property]." (Mortgage ¶ 15) (emphasis added). Here, the notices at issue were required not by the Mortgage itself, but by New York law, which, by plaintiff's own admission, requires otherwise. See RPAPL § 1304(2).

[5] It is of course possible that plaintiff learned of the Laurelton address in the time between service of the 90-day notice and service of process; however, it is not the duty of the court to speculate as to whether plaintiff has satisfied the procedural requirements necessary to obtain the relief it requests. See Prescription Containers, Inc. v. Cabiles, No. 12 CV 4805, 14 WL 1236919, at *6 n.6 (E.D.N.Y. Feb. 14, 2014), report and recommendation adopted, 2014 WL 1237098 (E.D.N.Y. Mar. 25, 2014).

Property to Pryce and plaintiff's representation that it does not seek a deficiency judgment against her. See DLJ Mortg. Capital, Inc. v. 44 Brushy Neck, Ltd., 859 N.Y.S.2d 221, 223 (2d Dep't 2008) ("[A] mortgagor who has made an absolute conveyance of all his interest in the mortgaged premises, including his equity of redemption, is not a necessary party to foreclosure, unless a deficiency judgment is sought."); 2 BERGMAN ON NEW YORK MORTGAGE FORECLOSURES § 12.04 ("[W]hen the mortgagor has completely parted with his title, and if a deficiency judgment is not sought, he is neither a proper nor a necessary party [to foreclosure]."). Thompson's conveyance of all interest in the Subject Property, combined with plaintiff's representation that it will not seek a deficiency judgment, effectively makes her a stranger to this action. Therefore, I respectfully recommend that the claims against Thompson be dismissed and that plaintiff be precluded from seeking a deficiency judgment against her.[6]

2. Default Judgment Standard

It is well-settled that a defendant's default "is deemed to constitute a concession of all well pleaded allegations of liability." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty

---

[6] Given that the issue is moot, I will not address plaintiff's argument that the court may not review its compliance with RPAPL § 1304 on a motion for default judgment—an issue on which the New York Court of Appeals has not ruled. I note, however, that federal courts sitting in New York regularly review compliance with RPAPL § 1304 in ruling on motions for default judgment in foreclosure cases. See, e.g., Miss Jones, LLC v. Viera, 18 CV 1398, 2020 U.S. Dist. Lexis 15846, at *2 (E.D.N.Y. Jan. 29, 2020) ("Courts must determine whether a plaintiff has complied with RPAPL § 1304, even on a default judgment motion, because failure to comply with §1304 is a sufficient basis to deny foreclosure relief.") (citations omitted); Nationstar Mortg. LLC v. Nedza, 315 F. Supp. 3d 707, 710 (W.D.N.Y. 2018) (on a motion for default judgment, noting that the plaintiff had complied with RPAPL § 1304); Nationstar Mortg. LLC v. Atanas, 285 F. Supp. 3d 618, 622 (W.D.N.Y. 2018) (same); OneWest Bank, N.A. v. Conklin, 310 F.R.D. 40, 44 (N.D.N.Y. 2015) (same); see also Wilmington Sav. Fund Soc'y, FSB v. White, No. 17 CV 2288, 2019 WL 4014842, at *5-6 (E.D.N.Y. May 28, 2019) (holding that the plaintiff had failed to demonstrate compliance with RPAPL § 1304 on an unopposed motion for summary judgment); Gustavia Home, LLC v. Hoyer, 362 F. Supp. 3d 71, 83 (E.D.N.Y. 2019) ("Plaintiff has the affirmative obligation to establish strict compliance with RPAPL § 1304 regardless of the adequacy of Defendants' briefing.").

Corp., 973 F.2d 155, 158 (2d Cir. 1992). Once a default is entered, the court "is required to accept all of [plaintiff's] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). The court then must "determine whether [plaintiff's] allegations establish [defendants'] liability as a matter of law." Id. Once liability has been established, "[t]he decision whether to enter default judgment is committed to the district court's discretion." Greathouse v. JHS Sec. Inc., 784 F.3d 105, 116 (2d Cir. 2015).

3. Foreclosure and Sale

Under New York law, a plaintiff seeking to foreclose must demonstrate "the existence of an obligation secured by a mortgage, and a default on that obligation." Gustavia Home, LLC v. Vielman, No. 16 CV 2370, 2017 WL 4083551, at *5 (E.D.N.Y. Aug. 25, 2017) (collecting cases), report and recommendation adopted, 2017 WL 4083156 (E.D.N.Y. Sept. 24, 2017); see also OneWest Bank, N.A. v. Hawkins, No. 14 CV 4656, 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015), report and recommendation adopted, 2015 WL 5706953 (E.D.N.Y. Sept. 28, 2015). "Thus, once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a *prima facie* entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence." Windward Bora, LLC v. Sterling, No. 18 CV 1727, 2018 WL 5839797, at *3 (E.D.N.Y. Nov. 8, 2018) (citations omitted), report and recommendation adopted, 2018 WL 6706311 (E.D.N.Y. Dec. 19, 2018).

In this case, through its unrebutted allegations and supporting documentation, plaintiff has demonstrated its ownership of a mortgage encumbering the Subject Property, as well as a default beginning in February 2007 and continuing to date. (See Compl. ¶¶ 13-20; Mortgage, Ex. B; Note, Ex. C; Assignments, Ex. D; Payment History, Dkt. No. 26-2.)

Accordingly, I find that plaintiff is entitled to foreclose and respectfully recommend that a judgment of foreclosure and sale be entered as to the Subject Property.

### 4. Judgment Against Non-Mortgagor Defendants

Plaintiff additionally seeks default judgment against five non-mortgagor defendants, each of which is claimed to hold an interest in or lien against the Subject Property subordinate to its own. (See Compl. ¶¶ 5-10.) Default judgment against non-mortgagor defendants is generally appropriate where the complaint alleges "nominal liability," meaning that "any judgments or liens a defendant may have against the property are subordinate to the plaintiff's lien." OneWest Bank, N.A. v. Raghunath, No. 14 CV 3310, 2015 WL 5772272, at *3 (E.D.N.Y. Sept. 8, 2015), report and recommendation adopted, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015). "When a default judgment is entered against a defendant with a 'nominal interest' in a property, any such interest in the relevant property is terminated." E. Sav. Bank, FSB v. Robinson, No. 13 CV 7308, at *4 (E.D.N.Y. May 9, 2016), report and recommendation adopted, 2016 WL 3102021 (E.D.N.Y. June 2, 2016).

However, where a state or city agency is named as a defendant, heightened pleading requirements apply. See RPAPL §§ 202; 202-a; Courchevel 1850 LLC v. Rodriguez, No. 17 CV 6311, 2019 WL 2233828, at *8 (E.D.N.Y. May 22, 2019); Gustavia Home, LLC v. Nunu, No. 16 CV 3989, 2019 WL 2435855, at *4 (E.D.N.Y. Jan. 15, 2019). The complaint must allege "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making [the state or city agency] a party-defendant." RPAPL §§ 202(1); 202-a(1). If the lien exists "by virtue of a judgment," and the defendant is a state agency, the complaint must include "the name of the court, date recorded, clerk's office in which filed, and names of the parties against whom and in whose favor [the judgment was] recorded." Id. §

202(2). If the defendant is a city agency, the complaint must include that same information, as well as "a brief description of the grounds for or the nature of such judgment." Id. § 202-a(2).

In this case, four of the five non-mortgagor defendants—HPD, PVB, ECB, and Sunshine—are subject to the heightened pleading requirement. Plaintiff has met this requirement with respect to two of them—HPD and ECB. With respect to HPD, plaintiff has attached documentation reflecting a relocation lien against the Subject Property in the amount of $3,205.78. (See Mechanics Lien Book Inquiry, Ex. F to Compl.) With respect to ECB, plaintiff has attached documentation reflecting numerous ECB Violations and an ECB Penalty owed in the amount of $4,000. (See ECB Query, Ex. F. to Compl.) Courts have found such documentation as to HPD and ECB sufficient. See, e.g., CIT Bank, N.A. v. Neris, No. 18 CV 1511, 2019 WL 6334894, at *3 (S.D.N.Y. Nov. 1, 2019); Miss Jones, LLC v. Brahmadutta Bisram, Y & S Dev. of NY, Inc., No. 16 CV 7020, 2018 WL 2074200, at *4 (E.D.N.Y. Feb. 5, 2018), report and recommendation adopted sub. nom., Miss Jones LLC v. Bisram, 2018 WL 2074205 (E.D.N.Y. Feb. 22, 2018). Accordingly, I respectfully recommend that plaintiff's motion for default judgment be granted with respect to HPD and ECB.

On the other hand, the documentation submitted in support of the alleged subordinate liens held by PVB and Sunshine suggests that neither holds a lien against the Subject Property. The documentation submitted with respect to PVB lists "Sonia P. Thompson" at the address of 18605 Liberty Avenue, St. Albans, New York 11412, whereas the documentation submitted with respect to Sunshine lists "Sonia E. Thompson" at the address of 1205 Newkirk Avenue, Brooklyn, New York 11230. (See PVB Judgment Docket Book, Ex. F. to Compl.; Sunshine Judgment, Dkt. No. 22-4.) The obligor on the mortgage at issue in this case is "Sonia V. Thompson." (See Recording and Endorsement Cover Page, Ex. B. to Compl.) Therefore, I

respectfully recommend that defendant's motion for default judgment be denied as to PVB and Sunshine.

The final non-mortgagor defendant, NYM, is not a governmental agency and is therefore not subject to the heightened pleading standard. Nevertheless, I note that the documentation submitted with respect to NYM lists "Sonia Thompson" at the address of 1030 Willmohr Street, 4D, Brooklyn, New York 11212. (See NYM Judgment, Dkt. No. 22-3.) Thus, like the liens alleged to be held by PVB and Sunshine, the lien alleged to be held by NYM does not appear to be against the Subject Property. Therefore, I further recommend that plaintiff's motion for default judgment be denied as to NYM.

5. Appointment of a Referee

Finally, plaintiff requests that the court appoint a referee to sell the Subject Property, but does not request that any specific person be appointed. (See Declaration of Alan H. Weinreb, Esq., dated June 18, 2018, Dkt. No. 18-1.) Accordingly, I recommend that the court appoint a referee to manage the foreclosure and sale, but require that plaintiff propose the names of three referees to the court, along with a brief description of their qualifications, prior to making this appointment. See Miss Jones, LLC v. Arcello, 17 CV 895, 2018 WL 1525800, at *6 (E.D.N.Y. Mar. 2, 2018), report and recommendation adopted, 2018 WL 1525664 (E.D.N.Y. Mar. 28, 2018).

CONCLUSION

For the reasons explained above, I respectfully recommend that judgment of foreclosure and sale be entered as to the Subject Property, that plaintiff's claims against Thompson be dismissed, and that plaintiff be precluded from seeking a deficiency judgment against Thompson in the future. I further recommend that plaintiff's motion for default

judgment be granted as to HPD and ECB, but denied as to PVB, Sunshine, and NYM. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Garaufis and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d). Plaintiff is directed to serve copies of this Report and Recommendation on the defaulting defendants by regular mail, and to file proof of service within ten days of the date of this Report and Recommendation.

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
Unites States Magistrate Judge

Dated: Brooklyn, New York
      February 26, 2020