UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WINDWARD BORA, LLC,

      Plaintiff,      REPORT AND
                RECOMMENDATION
 -against-           18 CV 1811 (NGG)(RML)

SONIA THOMPSON, *et al.*,

      Defendants.
----------------------------------------------------------X

LEVY, United States Magistrate Judge:

  Defendant Sonia Thompson ("Thompson"), who was dismissed from this case on March 16, 2020, moves to set aside the sale of the property that was the subject of this foreclosure action. For the reasons stated below, I respectfully recommend that the motion be denied.

## BACKGROUND AND FACTS

  Familiarity with the procedural history of this case is assumed. Briefly, plaintiff Windward Bora, LLC ("plaintiff") commenced this residential mortgage foreclosure action on March 26, 2018, pursuant to New York Real Property Actions and Proceedings Law §§ 1301, *et seq*. (See Complaint, dated Mar. 26, 2018 ("Compl."), Dkt. No. 1.) Thompson was the obligor on the mortgage that plaintiff sought to foreclose. (Id. ¶ 4.) On June 18, 2018, after all defendants failed to appear or respond to the complaint, plaintiff moved for a default judgment of foreclosure and sale. (See Motion for Default Judgment, dated June 18, 2018, Dkt. No. 18.) The Honorable Nicolas G. Garaufis, United States District Judge, referred plaintiff's motion to me. (Order Referring Motion, dated June 18, 2018.) On February 26, 2020, after requesting and receiving supplemental information from plaintiff, I issued a report and recommendation recommending that judgment of foreclosure and sale be entered and that plaintiff's claims

against Thompson be dismissed. (See Report and Recommendation, dated Feb. 26, 2020 ("R&R"), Dkt. No. 30.) Judge Garaufis adopted the R&R in full on March 16, 2020, and on July 24, 2020 the court appointed a referee to manage the foreclosure and sale. (See Order, dated Mar. 16, 2020, Dkt. No. 32; Order, dated July 24, 2020.) A Judgment of Foreclosure and Sale was entered on July 27, 2020, and the property was sold on October 15, 2020. (See Judgment of Foreclosure and Sale, dated July 24, 2020, Dkt. No. 36; Referee's Report of Sale, dated Nov. 3, 2020, Dkt. No. 53.)

The property at issue is located at 16 Gunther Place in Brooklyn, New York (the "Subject Property"). (See Compl. ¶ 13; Mortgage, dated Aug. 1, 2006, annexed to the Compl. as Ex. B.) In August 2019, more than a year after plaintiff filed this foreclosure action, Thompson conveyed all of her interest in the Subject Property to a third party. (See Letter of Seth D. Weinberg, Esq., dated Nov. 20, 2019 ("Weinberg Ltr."), Dkt. No. 27; Property Deed, annexed as Ex. G to the Declaration of Seth D. Weinberg, Esq., dated Dec. 18, 2019, Dkt. No. 29-1.) Because plaintiff was not seeking a deficiency judgment against Thompson, and she no longer had any interest in the Subject Property, I found that Thompson was not a necessary party to this action and should be dismissed. (See R&R at 7.)

Thompson now moves to set aside the sale of the Subject Property and reject the Referee's Report of Sale.[1] (See Affirmation of Garfield A. Heslop, Esq., dated Nov. 16, 2020, Dkt. No. 54.) She argues, *inter alia*, that the foreclosure and sale constitute an unlawful taking

---

[1] Thompson initially moved by Emergency Order to Show Cause to stay the sale of the Subject Property. (See Declaration of Garfield A. Heslop, Esq., dated Oct. 14, 2020, Dkt. No. 39-1, and accompanying submissions.) That motion was referred to me. (See Order, dated Oct. 14, 2020.) I then conducted a telephone conference with counsel on October 15, 2020, the day of the scheduled sale, during which counsel agreed to forego the motion to stay and to litigate the underlying issue in the context of a motion to reverse the sale of the property. (See Minute Entry, dated Oct. 25, 2020.)

2

under the Fifth Amendment to the U.S. Constitution because she was not properly served with the summons and complaint in this action and thus transferred her interest in the Subject Property without notice of the foreclosure action. (See Memorandum of Law in Support of Motion to Reject Referee's Report, dated Nov. 16, 2020, Dkt. No. 54-2, at 3-4.) She also complains of supposed irregularities in the assignment of the mortgage to plaintiff. (See Memorandum of Law in Support of Order to Show Cause, dated Oct. 16, 2020, Dkt. No. 44-2, at 16-21.) Plaintiff objects, arguing, *inter alia*, that Thompson lacks standing to challenge the sale. (See Letter of Seth D. Weinberg, Esq., dated Dec. 2, 2020, Dkt. No. 56; see also Memorandum of Law in Opposition to Dismissed Party Sonia Thompson's Order to Show Cause, dated Oct. 23, 2020, Dkt. No. 47.) Notably, Thompson does not deny that she was the obligor on the note and mortgage or that she failed to make any of the monthly payments due since February 1, 2007. (See, e.g., Declaration of Garfield A. Heslop, Esq., dated Oct. 16, 2020, Dkt. No. 44-1; Memorandum of Law, dated Oct. 16, 2020, Dkt. No. 44-2.)

## DISCUSSION

"'The question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" Rajamin v. Deutsche Bank Nat'l Tr. Co., 757 F.3d 79, 84 (2d Cir. 2014) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). In Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992), the Supreme Court articulated three requirements for constitutional standing. First, the plaintiff must have suffered an "injury in fact," that is, "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Id. at 560 (internal citations, quotation marks, and footnote omitted). Second, "there must be a causal connection between the injury and the conduct" of which the plaintiff complains. Id. And third, "it must be likely, as

3

opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. at 561 (internal quotation marks omitted). See also E.M. v. New York City Dep't of Educ., 758 F.3d 442, 449-50 (2d Cir. 2014).

Here, Thompson cannot allege that she has suffered an injury in fact, as she was not the owner of the Subject Property at the time of the sale. Since she did not have an interest in the property, she could not have been deprived of one. Moreover, Thompson implicitly acknowledges that she took out the loan at issue, was obligated to repay it with interest, and failed to do so. Nonetheless, there is no evidence that plaintiff or any other entity has received a judgment against her. Thus, regardless of who owned the note and mortgage or whether the assignments were valid, Thompson lacks standing to challenge the foreclosure sale. See Lujan, 504 U.S. at 560; see also Tararam v. Gibson, 113 N.Y.S.3d 539, 539 (1st Dep't 2020) ("Defendant lacks standing to contest the judgment of foreclosure, because she conveyed her interest in the property while the foreclosure action was pending."); Wells Fargo Bank, N.A. v. Munoz, 92 N.Y.S.3d 884, 884 (1st Dep't 2019) ("It is undisputed that defendant transferred the subject property to a corporation in 2014. Thus, when she claimed for the first time nearly a year later that she had not been properly served in this action in 2008, she no longer had an interest in the property, and lacked standing to contest the judgment of foreclosure."); NYCTL 1996-1 Tr. v. King, 787 N.Y.S.2d 61, 61 (2d Dep't 2004) (explaining that "at the time King raised this defense [of improper service], she no longer had standing to contest the judgment of foreclosure and sale since she had conveyed the property by quitclaim deed."); Bancplus Mortg. Corp. v. Galloway, 610 N.Y.S.2d 60, 60 (2d Dep't 1994) ("[S]ince Galloway no longer had an interest in the property at the time a judgment of foreclosure and sale was entered, she possessed no rights

4

which could have been adversely affected thereby. Under these circumstances, she had no standing to challenge the judgment of foreclosure[.]").

## CONCLUSION

Since Thompson lacks standing to challenge the foreclosure and sale, I respectfully recommend that her motion to set aside the sale of the Subject Property be denied. Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
Unites States Magistrate Judge

Dated: Brooklyn, New York
January 25, 2021